**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**WILLIAM HOLLEY,**

    **Petitioner,**

v. // CIVIL ACTION NO. 1:13CV173
                               (Judge Keeley)

**ANNE MARY CARTER, Warden,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On July 23, 2013, the pro se petitioner, William Holley ("Holley"), filed a petition pursuant to 28 U.S.C. § 2241. The Court referred this matter to United States Magistrate Judge James E. Seibert for initial screening and a Report and Recommendation ("R&R") in accordance with LR PL P 2. On November 29, 2013, the respondent, Anne Mary Carter ("Carter"), filed a motion to dismiss, or in the alternative, motion for summary judgment. (Dkt. No. 21). On December 2, 2013, Magistrate Judge Seibert issued a Roseboro notice to Holley. On December 23, 2013, Holley filed a response in opposition to Carter's motion, (dkt. no. 26), and an amended response on January 6, 2014 (dkt. no. 29).

On March 18, 2014, Magistrate Judge Seibert issued an R&R, in which he recommended that the Court grant Carter's motion and deny and dismiss Holley's § 2241 petition. (Dkt. No. 30). The magistrate judge determined that the Bureau of Prisons ("BOP") appropriately credited Holley with 42, rather than 54, days of Good Conduct Time ("GCT") pursuant to 28 C.F.R. § 523.20(c)(2) and the BOP Program Statements.

The R&R specifically warned Holley that his failure to object to the recommendation would result in the waiver of any appellate rights he might otherwise have on this issue. The parties did not file any objections.[1] Consequently, finding no clear error, the Court **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 30), **GRANTS** Carter's motion to dismiss, or in the alternative, motion for summary judgment (dkt. no. 21), **DENIES** Holley's § 2241 petition (dkt. no. 1), and **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and stricken from the Court's docket.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: June 5, 2014.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).